IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MARK A. BAUER, | ) | CASE NO. 1:07 CV 805 |
| | ) | |
| Plaintiff, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| COMMISSIONER OF SOCIAL SECURITY, | ) ) | |
| | ) | **REPORT & RECOMMENDATION** |
| Defendant. | ) | |

## Introduction

This is an action for judicial review of the final decision of the Commissioner of Social Security denying the applications of the plaintiff, Mark A. Bauer, for disability insurance benefits and supplemental security income.

The Administrative Law Judge ("ALJ"), whose decision became the final decision of the Commissioner, found that Bauer had severe impairments consisting of right carpal tunnel syndrome; diabetic neuropathy, bilateral, lower extremities; degenerative disk disease of the lumbar spine; depressive disorder; and personality disorder.[1]  The ALJ made the following residual functional capacity finding:

> [T]he claimant has the residual functional capacity to lift and carry a maximum of 50 pounds occasionally and 25 pounds frequently; sit, stand, or walk six hours, each, per workday; push and pull within the 50 pound weight limitation; he is precluded from production quota work or piecework and is limited to

---

[1] Transcript ("Tr.") at 9.

> superficial interaction with coworkers and the public, without negotiation on [sic] [or] confrontation.[2]

Given that residual functional capacity, the ALJ found Bauer capable of performing his past relevant work as radio announcer and non-supervisory school bus dispatcher.[3] The ALJ, therefore, determined that Bauer was not under a disability.[4]

Bauer asks for reversal of the Commissioner's decision on the ground that it does not have the support of substantial evidence in the administrative record. Specifically, Bauer asserts that the Commissioner did not afford appropriate weight to the report of his treating psychologist, Thomas Haglund, Ph.D.

I conclude that substantial evidence supports the ALJ's residual functional capacity finding and that he gave appropriate weight to the report of Dr. Haglund. I recommend, therefore, that the decision of the Commissioner to deny Bauer's applications be affirmed.

**Analysis**

**1.      Standard of review**

The Sixth Circuit in *Buxton v. Halter* reemphasized the standard of review applicable to decisions of the ALJs in disability cases:

> Congress has provided for federal court review of Social Security administrative decisions. 42 U.S.C. § 405(g). However, the scope of review is limited under 42 U.S.C. § 405(g): "The findings of the Secretary as to any fact,

---

[2] *Id.* at 10.

[3] *Id.* at 13.

[4] *Id.*

if supported by substantial evidence, shall be conclusive...." In other words, on review of the Commissioner's decision that claimant is not totally disabled within the meaning of the Social Security Act, the only issue reviewable by this court is whether the decision is supported by substantial evidence. Substantial evidence is " 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' "

The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. This is so because there is a "zone of choice" within which the Commissioner can act, without the fear of court interference.[5]

I will review the findings of the ALJ at issue here consistent with that deferential standard. The relevant evidence from the administrative record will be discussed in detail as part of the following analysis.

**2.    Substantial evidence supports the weight assigned by the ALJ to the opinion of Dr. Haglund, the treating psychologist.**

The regulations of the Social Security Administration require the Commissioner to give more weight to opinions of treating sources than to those of non-treating sources under appropriate circumstances.

> Generally, we give more weight to opinions from your treating sources, since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations.[6]

---

[5] *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001) (citations omitted).

[6] 20 C.F.R. § 404.1527(d)(2).

If such opinions are "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and "not inconsistent with the other substantial evidence in [the] case record," then they must receive "controlling" weight.[7]

The ALJ has the ultimate responsibility for determining whether a claimant is disabled.[8] Conclusory statements by the treating source that the claimant is disabled are not entitled to deference under the regulation.[9]

The regulation apply to treating source opinions as to a claimant's exertional or non-exertional limitations and work-related capacity in light of those limitations.[10] The claimant bears the burden of proving the existence and severity of limitations caused by his impairments and the fact that he is precluded from performing his past relevant work.[11]

Here Dr. Haglund opined that Bauer's depressive and personalty disorders caused markedly impaired in a number of categories; including his ability to maintain attention and concentration for extended periods, his ability to perform activities punctually and on

---

[7] *Id.*

[8] *Schuler v. Comm'r of Soc. Sec.*, 109 Fed.Appx. 97, 101 (6th Cir. 2004).

[9] *Id.*

[10] *Swain v. Comm'r of Soc. Sec.*, 297 F. Supp. 2d 986, 991 (N.D. Ohio 2003), citing *Green-Younger v. Barnhart*, 335 F.3d 99, 106-07 (2d Cir. 2003).

[11] *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 545 (6th Cir. 2007).

schedule, and his ability to accept instruction and criticism.[12] He rated Bauer extremely impaired in his ability to complete a normal work day and work week.[13]

The ALJ did not accept this opinion as to the degree of Bauer's impairments.[14] He found the opinion unsupported by Dr. Haglund's treatment notes and inconsistent with Bauer's activities such as caring for his children, performing court-ordered community service through his church, and working on the drafting of television scripts.[15]

Whether substantial evidence supports the weight afforded to Dr. Haglund's opinion by the ALJ turns on a careful review of the treatment notes. Dr. Haglund first saw Bauer in September of 2003[16] and last saw him in May of 2006.[17] According to those notes, Bauer's mental/emotional problems began in July of 2003 when he was arrested for domestic violence.[18] It appears that the charge resulted in the court placing him under supervision for

---

[12] Tr. at 393-94.

[13] *Id.* at 393.

[14] *Id.* at 11.

[15] *Id.* at 12.

[16] *Id.* at 233.

[17] *Id.* at 323.

[18] *Id.* at 233.

a year of "good behavior."[19]  His supervisor for this period, a Brian Thomas, referred him to the Nord Center,[20] where Dr. Haglund became his treating psychologist.

Over the next one and a half years, Bauer had numerous sessions with Dr. Haglund in which he discussed a series of relational problems with his ex-wife, his children, his girl friend, and his girl friend's daughter.[21]  Further, he repeatedly shared with Dr. Hagland the status of the proceedings on his domestic violence charge and his concerns about the outcome of those proceedings.[22]

Dr. Haglund's notes contain virtually no notations regarding the specifics of a diagnosis or the degree of limitations.  Rather they relate the reports given by Bauer of his various problems and set out Dr. Haglund's suggestions for addressing them.  The notes contain frequent references that Bauer is stable,[23] functioning adequately,[24] or coping reasonably well[25].  In only one note does the psychologist observe "struggling to maintain functioning."[26]

---

[19] *Id.*

[20] *Id.* at 233, 242.

[21] *Id.* at 233-49, 251-64, 303-12, and 323-35.

[22] *Id.*

[23] *Id.* at 247, 249, 259, 305, 307, 308, 323, and 334.

[24] *Id.* at 260, 262, 303, 305, 309, and 335.

[25] *Id.* at 263 and 311 (mood improved by good news about his writing career).

[26] *Id.* at 264 (concerns about the possible reopening of the domestic violence case and problems with Children Services).

Based on my careful review of Dr. Haglund's treatment notes, I conclude that a reasonable mind could conclude that they do not support the marked and extreme impairments contained in Dr. Haglund's June 2006 evaluation. As observed by the ALJ, the notes do show that Bauer was quite active in the care of his children and performing community service and that he was immersed in the writing of a script for a television sitcom, which he believed had promise. The notes clearly show that when Bauer was occupied by this writing project, his mental situation improved.

Further, there is evidence in the record that a reasonable mind could accept as supporting the limitations that the ALJ incorporated into the residual functional capacity finding. The medical expert who testified at the hearing, Herschel Goren, M.D., a board certified neurologist, testified that based upon his review of the Nord Center records, including Dr. Haglund's notes, Bauer was moderately impaired but not markedly or extremely impaired.[27] He opined that Bauer should have no production quotas; only superficial interaction with coworkers, supervisors, and the public; and no arbitration, negotiation, or confrontation.[28] This evidence is adequate to support the ALJ's residual functional capacity finding.

---

[27] *Id.* at 468.

[28] *Id.*

## Conclusion

Substantial evidence supports the finding of the Commissioner that Bauer had no disability. Accordingly, I recommend that the decision of the Commissioner denying Bauer's applications for disability insurance benefits and supplemental security income be affirmed.


Dated:  September 9, 2008  s/ William H. Baughman, Jr.
 United States Magistrate Judge

## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order.[29]

---

[29] *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also*, *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).